**[Cite as *State v. Carr*, 2020-Ohio-42.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28360 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-745/2 |
| | : | |
| BRANDON CHARLES CARR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of January, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRANDON CHARLES CARR, Inmate No. 742-713, Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} This matter is before the court on the pro se appeal of Defendant/Appellant, Brandon Carr, from a trial court judgment denying his request for public records. In a single assignment of error, Carr contends that the trial court violated his due process rights by denying his request for public records under R.C. 149.43(B)(8), when he has justiciable claims.

{¶ 2} We conclude that the trial court did not err in denying Carr's records' request. Carr failed to identify a pending proceeding to which the records would be material, and he did not indicate how the records would be material to any justiciable claim. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} This case involves a post-judgment order in a criminal action initially brought against Brandon Carr in March 2017. On March 23, 2017, an indictment was filed charging Carr with twelve offenses related to the February 2016 death of Brittany Russell. Russell's body had been found inside her car, which was parked at a Dayton, Ohio, apartment complex. Russell had bullet wounds in her head; her infant daughter was found in the car's back seat, unharmed. *State v. Carr*, 2d Dist. Montgomery No. 28193, 2019-Ohio-3802, ¶ 2.[1] In April 2017, a re-indictment filed in the case charged Carr also with possession of heroin. *Id.* at ¶ 3.

{¶ 4} During pretrial proceedings, Carr filed a motion to dismiss the charges due to the pre-indictment destruction of Russell's car, together with any evidence it contained.

_____

[1] Case No. 28193 was an appeal from a post-judgment order issued by the trial court, not the direct appeal of Carr's conviction.

The trial court overruled the motion from the bench on January 22, 2018, but did not file a written decision. *Id.* at ¶ 4. On January 27, 2018, Carr filed a motion for reconsideration of the decision on the motion to dismiss, which the court then considered during trial. *Id.*[2] On February 6, 2018, the court filed a formal entry reflecting its initial decision on the motion to dismiss. However, the court did not specifically state that it was denying the motion to reconsider as well, although the court had overruled that motion after hearing trial testimony. July 12, 2018 Order at p. 3.

{¶ 5} Following a jury trial, Carr was found guilty of aggravated murder, murder (purposeful), murder (proximate result) (two counts), kidnapping (two counts), felonious assault (two counts), tampering with evidence (two counts), endangering children, and possession of heroin. *Carr*, 2d Dist. Montgomery No. 28193, 2019-Ohio-3802, at ¶ 3 and 6. The trial court tried a charge of having weapons under disability and found Carr guilty of that charge as well. *Id.* at ¶ 6. After merging some counts, the court sentenced Carr to life without parole, plus a total of 34 additional years. *Id.*

{¶ 6} On April 6, 2018, Carr appealed to our court, and his direct appeal of his conviction was docketed as Montgomery App. No. 27960. That appeal is still pending. While the appeal was pending, Carr filed a pro se motion in the trial court, asking the court to journalize its decision on the motion for reconsideration. On July 12, 2018, the court

---

[2] *See* July 12, 2018 Order Granting, in Part, Motion to Journalize Ruling and Nunc Pro Tunc Order Correcting Paragraphs 1 And 6 of Order Denying Motion to Dismiss ("July 2018 Order"), p. 2. Under established law, courts may appropriately take judicial notice of judicial opinions and public records that are accessible via the internet. *E.g.*, *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10; *State v. Bevers*, 2d Dist. Montgomery No. 27651, 2018-Ohio-4135, ¶ 13. In addition, we have allowed the State to supplement the record with the summaries of the docket and journal entries from the trial court case. *See State v. Carr*, 2d Dist. Montgomery No. 28360 (Decision and Entry Oct. 21, 2019), p. 1.

granted the motion in part, and issued a nunc pro tunc order correcting its prior decision to indicate that it had denied the motion for reconsideration. July 12, 2018 Order at p. 4. On August 8, 2018, Carr appealed from that order as well. This appeal was docketed as Montgomery App. No. 28080, was subsequently consolidated with Case No. 27960, and also remains pending. *Carr* at ¶ 1.

{¶ 7} Subsequently, Carr filed several additional pro se post-judgment motions in the trial court, and the court denied them all in a decision filed on October 11, 2018. Carr again filed a notice of appeal, and this appeal was docketed as Montgomery App. No. 28193. *Id.* at ¶ 10. These motions involved the following matters: "a motion to stay the restitution award included in [Carr's] judgment of conviction; * * * a motion pursuant to R.C. 149.43(B)(8) for copies of the jury verdict forms; and * * * a motion for grand jury testimony from his case, purportedly to support a petition for postconviction relief." *Carr*, 2d Dist. Montgomery No. 28193, 2019-Ohio-3802, at ¶ 9. On September 20, 2019, we affirmed the trial court's decision on all these matters. *Id.* at ¶ 42.

{¶ 8} In the meantime, Carr filed an additional post-judgment motion on February 27, 2019, seeking release of public records under R.C. 149.43(B)(8). On March 27, 2019, the trial court denied that motion as well, and Carr filed a notice of appeal on April 23, 2019. This appeal was docketed as Montgomery App. No. 28360, and is the appeal now under consideration.


Records Request Under R.C. 149.43(B)(8)

{¶ 9} Carr's sole assignment of error states that:

The Trial Court Abused Its Discretion and Violated Mr. Carr's Due

Process Rights by Denying Mr. Carr's Request Pursuant to R.C. 149.43(b)(8) to Obtain Forms Pertaining to Policy and Procedure of Dayton Police Department Handling Evidence When Mr. Carr Has Justiciable Claims.

{¶ 10} Under this assignment of error, Carr contends that the trial court erred in refusing to grant his R.C. 149.43(B)(8) request for public records because he has a justiciable claim. Carr further asserts that he has numerous appeals pending in our court and the Supreme Court of Ohio, as well as a pending petition for post-conviction relief. In this regard, Carr notes that he filed a mandamus action in the Supreme Court of Ohio and ultimately received a copy of the City of Dayton Police Department's General Order 1.06-1, concerning the policy and procedure for evidence and impounded property. Allegedly (according to his appellate brief), Carr reviewed the policy and discovered that it was not followed with respect to the murder vehicle. Having received this information, Carr then filed a motion with the trial court, requesting public records.

{¶ 11} Specifically, Carr made the following request (quoted verbatim):

Thus, Mr. Carr request [sic] this court to have access to all documents related to the crime scene vehicle that was suppose [sic] to be towed to the EPOD North Evidence Garage as required by the Dayton Police Department policy General Order 1.06-1 pertaining to Evidence and impounded Property.

In particular, any chain of custody documents, along with Evidence Processing Request Form VIA MOT and on any Complaint Memorandum directed to the Investigations-Administrative Services Division

Commander's Office.   Also all or any emails.

Doc. #1, Motion Pursuant to R.C. 149.43(B)(8), pp. 1-2.

{¶ 12} In denying the motion, the trial court held that Carr's assertions of having numerous pending appeals in our court and the Supreme Court of Ohio, as well as a pending petition for post-conviction relief, were not sufficient to support a justiciable claim. Doc. #3, Order Denying Motion Pursuant to R.C. 149.43(B)(8), p. 2.

{¶ 13} We review trial court orders on disclosure of public records for an abuse of discretion.   *State v. Morris*, 2d Dist. Montgomery No. 26949, 2017-Ohio-1196, ¶ 29.   An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' "   (Citations omitted.)   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).   "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary."   *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).   "A decision is unreasonable if there is no sound reasoning process that would support that decision."   *Id.*

{¶ 14} As pertinent here, R.C. 149.43(B)(8) provides that:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's

successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.[3]

**{¶ 15}** This statute "sets forth heightened requirements for inmates seeking public records, and requires an incarcerated criminal defendant to demonstrate that the information he is seeking pursuant to R.C. 149.43 is necessary to support a justiciable claim or defense." *State v. Gibson*, 2d Dist. Champaign No. 06CA37, 2007-Ohio-7161, ¶ 13. A justifiable claim does not exist where an inmate fails to identify "any pending proceeding with respect to which the requested documents would be material * * *." *State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 9, citing *Gibson* at ¶ 14.

**{¶ 16}** In his R.C. 149.43(B)(8) motion, Carr mentioned that he had "numerous pending appeals in the 2nd District and Ohio Supreme Court along with his post conviction relief hearing * * *." Doc. #1 at p. 1. Carr's motion was filed in the trial court on February 27, 2019. At that time, the appeals mentioned above (Case Nos. 27960, 28080, and 28193) were pending in our court. The first two appeals were direct appeals of Carr's convictions and sentence. The law is well-settled that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. As a result, nothing outside the record, like evidence discovered post-trial, would be material to those proceedings.

**{¶ 17}** The third case (Case No. 28193) involved a request to stay payment of

---

[3] R.C. 149.43 has been amended numerous times over the past few years, but the relevant wording in R.C.149.43(B)(8) has not been changed. Compare the current text with the text in Sub.H.B. 471, 2016 Ohio Laws 140, effective Dec. 19, 2016.

restitution, a public records request for copies of the jury verdict forms, and a request for transcripts of grand jury proceedings. *Carr*, 2d Dist. Montgomery No. 28193, 2019-Ohio-3802, at ¶ 13, 19, 22, and 32-33. The first two issues bear no potential relation to police handling of evidence, and the third issue involved alleged inconsistent witness testimony and alleged prosecutorial misconduct in adding a heroin charge after the first indictment was filed. *Id.* at ¶ 26. We see no possible way in which the requested material would be material to those issues. The evidence would also be outside the record in relation to that case, as the trial court action had already been decided.

{¶ 18} In Case No. 28193, Carr raised a further issue about the July 12, 2018 Order (the nunc pro tunc entry), but that, again, would have been limited to the matters already in the record. *Id.* at ¶ 36. In any event, Case No. 28193 has been decided, and Carr did not elect to further appeal to the Supreme Court of Ohio.

{¶ 19} Likewise, the case pending in the Supreme Court of Ohio was, as Carr suggests, a mandamus action filed by Carr against the Dayton Police Department. *See State of Ohio ex rel. Brandon Carr v. Dayton Police Dept.*, No. 2018-1631, 03/05/2019 Case announcements, 2019-Ohio-761. The mandamus action was dismissed at Carr's request on March 5, 2019. *Id.* Although the mandamus action was still pending when Carr filed his current public records request on February 27, 2019, Carr received his requested relief (disclosure of the Dayton Police Department's policy on preserving and handling evidence) as a result of the mandamus proceeding. *See* Mandamus Complaint filed in Case No. 2018-1631 on November 15, 2018, and Relator Brandon Carr's Voluntary Motion to Dismiss, filed on March 1, 2019. Accordingly, Carr's current public records request would be moot if it concerned that matter.

{¶ 20} Furthermore, unless the evidence sought in the current case was relevant to the mandamus proceeding, it would not be material to a pending proceeding for purposes of R.C. 149.43(B)(8). There is no relevance, however, because the relief being sought differs. Specifically, in the case before us, Carr seeks various documents pertaining to how the evidence was actually handled, not evidence of the policy itself. The evidence being sought is also evidence that was not presented at trial. A post-conviction proceeding is a situation where evidence outside the record can be presented. *E.g., State v. Kinley*, 136 Ohio App.3d 1, 7, 735 N.E.2d 921 (2d Dist.1999); *State v. Grimm*, 2d Dist. Miami No. 96-CA-37, 1997 WL 200550, *2 (Apr. 25, 1997).

{¶ 21} The judgment entry imposing Carr's sentence was filed on March 13, 2018, and Carr promptly appealed on April 6, 2018. Although Carr filed numerous post-judgment motions, the trial court denied all pending motions on October 11, 2018, and Carr again appealed on November 1, 2018. After that point, no post-judgment motions were filed in the trial court before the current motion was filed on February 27, 2019, and no post-conviction proceedings were filed thereafter before the court denied the motion. Thus, both when Carr filed his R.C. 149.43 motion and when the trial court dismissed it, no post-conviction proceedings were pending in the trial court. Consequently, no justifiable claims existed with respect to any pending proceeding. *Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, at ¶ 9.

{¶ 22} Finally, even if any proceedings had been pending, Carr failed to articulate how the requested information "would be material to any justiciable claim he may have." *Carr*, 2d Dist. Montgomery No. 28193, 2019-Ohio-3802, at ¶ 23. While Carr has made some comments in his appellate brief, at the trial court level, he merely asked for

documents to be produced without explaining why.

{¶ 23} We note that Carr did file motions for post-conviction relief in the trial court in May 2019, June 2019, and July 2019. However, those motions were not pending when his public records request was filed, nor were they pending when the trial court denied the request on March 27, 2019. As a result, they cannot be considered for purposes of our discussion.[4]

{¶ 24} Based on the preceding discussion, Carr's sole assignment of error is overruled.

### III.   Conclusion

{¶ 25} Carr's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Brandon Charles Carr
Hon. Steven K. Dankof

---

[4] The trial court also dismissed all these petitions on August 13, 2019. The docket does not indicate that Carr appealed from the dismissals.