[Cite as *Huber Hts. Veterans Club, Inc. v. Grande Voiture D'Ohio La Societe Des 40 Hommes et 8 Chevaux*, 2021-Ohio-2695.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

HUBER HEIGHTS VETERANS CLUB, INC.

    Plaintiff-Appellant

v.

GRANDE VOITURE D'OHIO LA SOCIETE DES 40 HOMMES ET 8 CHEVAUX, et al.

    Defendants-Appellees

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 29078

Trial Court Case No. 2020-CV-2183

(Civil Appeal from
Common Pleas Court)

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of August, 2021.

. . . . . . . . . .

CHARLES J. SIMPSON, Atty. Reg. No. 0007339, 157 Lammes Lane, New Carlisle, Ohio 45344
    Attorney for Plaintiff-Appellant

KEVIN A. BOWMAN, Atty. Reg. No. 0068223, 130 West Second Street, Suite 900, Dayton, Ohio 45402
    Attorney for Defendant-Appellee, Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux

EDWARD J. DOWD, Atty. Reg. No. 0018681 & CHRISTOPHER T. HERMAN, Atty. Reg. No. 0076894, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
    Attorneys for Defendant-Appellee, Voiture Nationale La Societe des 40 Hommes et 8 Chevaux

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Huber Heights Veterans Club, Inc. ("HHVC") appeals from judgments of the Montgomery County Court of Common Pleas, which dismissed HHVC's claim for restitution of real property and granted summary judgment to Grande Voiture d'Ohio La Societe des 40 Hommes et 8 Chevaux ("Grande Voiture") and Voiture Nationale la Societe des 40 Hommes et 8 Chevaux ("Voiture Nationale") on HHVC's claims. The trial court concluded that HHVC's claims were barred by res judicata and that HHVC's attorney lacked authority to bring the action. For the following reasons, the trial court's judgments will be affirmed.

### I. Facts and Procedural History

{¶ 2} The record, including judgment entries from related cases that were submitted with Grande Voiture's supplemental motion for summary judgment, establish the following facts.

{¶ 3} La Societe des 40 Hommes et 8 Chevaux is an organization that was formed by former officers and members of the American Legion in 1920. Originally intended as an elite membership group for Legion leaders, the organization derives its name from French railway boxcars that transported American soldiers to the front lines in World War I. The boxcars ("voitures") bore a cargo-capacity sign: "40 Hommes/8 Chevaux" (40 men/8 horses). The organization is thus known as "The Forty and Eight." *Grande Voiture d'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Voiture Locale No. 34 La Societe des 40 Hommes et 8 Chevaux*, Montgomery C.P. No. 2018-CV-1457 (Decision & Entry, Apr. 28, 2019). The Forty and Eight disassociated itself from the

American Legion in 1960 and discontinued the prerequisite of Legion membership in 2008.

{¶ 4} The Forty and Eight has a hierarchical structure consisting of a national organization and associated state and local organizations. Voiture Nationale is the national organization, and Grande Voiture is the Ohio state-level organization. Montgomery Voiture Locale No. 34 La Societe des 40 Hommes et 8 Chevaux ("Voiture Locale") is the county-level organization in Montgomery County. HHVC purports to be a successor organization to Voiture Locale that is no longer associated with The Forty and Eight.

{¶ 5} In 2017, Grande Voiture initiated internal disciplinary proceedings against Charles Simpson, a member of the local organization, and permanently expelled him from membership for life. Following that determination, Voiture Locale resolved to prohibit Grande Voiture officials from entering the Voiture Locale's premises, located at 4214 Powell Road in Huber Heights. Another member of Voiture Locale, however, filed a criminal trespass complaint against Simpson with the Huber Heights police.

{¶ 6} In 2018, Grande Voiture brought an action against Voiture Locale seeking declaratory and injunctive relief, and an accounting. Montgomery C.P. No. 2018-CV-1457. Voiture Locale filed a counterclaim against Grande Voiture and a third-party complaint against Voiture Nationale, alleging that Grande Voiture and Voiture Nationale engaged in actions to wrongfully take possession and control of its property, as well as extortion, coercion, libel, slander and defamation.

{¶ 7} On April 28, 2019, in Case No. 2018-CV-1457, the trial court granted summary judgment to Grande Voiture and Voiture Nationale. The court noted: "The

evidence in the record is undisputed that Montgomery Voiture Locale No. 34 has violated numerous provisions of the state and national constitutions and is now being run by nonmembers of the 40 and 8, such as Defendant Simpson, who was expelled permanently from membership." The trial court held that Voiture Locale was bound by the constitutions of the organization at the national, state, and local levels, as well as the other rules promulgated by the national and state-level organizations. The court granted an injunction, which, among other things, barred Simpson from participating in or interfering with the affairs of Voiture Locale. (*See* Grande Voiture Suppl. Motion for Summary Judgment, Ex. A.) We affirmed the trial court's judgment. *Grande Voiture D'Ohio La Societe Des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 28388, 2020-Ohio-3821.

{¶ 8} Shortly after the trial court rendered summary judgment in Case No. 2018-CV-1457, Simpson (an attorney) filed a bankruptcy action on behalf of Voiture Locale while purporting to act as an officer of the organization. At a hearing on June 13, 2019, the bankruptcy court dismissed the bankruptcy action, reasoning that an Ohio court had already determined that Simpson lacked authority to act for Voiture Locale, that the Ohio court's findings were entitled to preclusive effect, and that, consequently, the bankruptcy petition was filed without authority under Ohio law. The bankruptcy judge noted at the hearing that other properly-retained counsel for Voiture Locale had joined in the United States Trustee's request for dismissal, stating that Simpson had no legal authority to act as counsel for Voiture Locale and that Voiture Locale did not wish to be in bankruptcy. (Grande Voiture Suppl. Motion for Summary Judgment, Ex. B.)

{¶ 9} Also in 2019, Voiture Locale, again purportedly represented by Charles Simpson, filed a forcible entry and detainer action against Grande Voiture in the Montgomery County Municipal Court.  Montgomery M.C. No. 2019-CVG-882E.  The municipal court dismissed the action based on the prior rulings of the common pleas and bankruptcy courts.

{¶ 10} On May 29, 2020, HHVC filed the instant "complaint for forcible entry and detainer and for damages."  In its complaint, HHVC alleged that it was a non-profit corporation, formerly known as Voiture Locale.  HHVC stated that it previously had been associated with The Forty and Eight organization, but that affiliation was terminated on June 1, 2015.  The organization changed its name to HHVC on June 18, 2019.  (The trial court in Case No. 2018-CV-1457 has since found that Simpson violated the injunction by changing the name and has ordered that the prior name be restored.  For purposes of this appeal, we will refer to the local organization as HHVC.)

{¶ 11} HHVC alleges that it is the owner of the real property located at 4214 Powell Road in Huber Heights.  It states that, on April 30, 2019 (two days after the judgment in Case No. 2018-CV-1457), Grande Voiture and Voiture Nationale unlawfully took possession and control of the property and have refused to return possession and control to HHVC.  On April 23, 2020, HHVC served a notice of eviction, but Grand Voiture and Voiture Nationale allegedly have refused to leave the premises.

{¶ 12} In its first count, HHVC requested restitution of the property, pursuant to R.C. 5303.03 (ejectment).  The allegations in Count One also included a cause of action under R.C. 5303.01 (quiet title).  HHVC's second count sought monetary compensation for the rental value of the property, the organization's parade vehicle, identify theft, loss

of revenue (canteen operation and other fundraising), civil rights violations and criminal acts, and other alleged wrongful conduct. HHVC further sought the return of personal property and mail. HHVC also requested attorney fees and costs.

{¶ 13} On June 4, 2020, Grande Voiture moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) on the ground that the action was barred by res judicata. It asserted that this action "is essentially identical" to a prior municipal court action, Montgomery M.C. No. 2019-CVG-882E, and was a "collateral attack" on the judgment in Case No. 2018-CV-1457. Grande Voiture further contended that HHVC's attorney, Simpson, lacked authority to represent Voiture Locale and that his filing of the lawsuit violated the injunction in Case No. 2018-CV-1457. Grande Voiture attached copies of judgment entries from the prior municipal court and common pleas actions, as well as the bankruptcy case involving Voiture Locale. In addition, Grande Voiture filed a notice of related cases, informing the trial court that the case "involves the same parties and issues as pending case 2018CV01457 before Judge Parker."

{¶ 14} On June 5, 2020, HHVC filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), and for summary judgment on Count One (restitution of the premises). The local organization also filed a response to the notice of related cases, disputing that the prior proceedings were "related cases" and had any binding effect on this litigation.

{¶ 15} Voiture Nationale subsequently filed its own Civ.R. 12(B)(6) motion, adopting the reasoning of Grande Voiture's motion. In response, HHVC filed a renewed motion for judgment on the pleadings and for summary judgment as to Count One.

{¶ 16} A hearing regarding restitution of the property was held before a magistrate

on June 23, 2020, during which counsel for HHVC and Grande Voiture appeared. The record does not contain a transcript of that hearing. On August 31, 2020, the magistrate filed a decision dismissing Count One "for the reasons put on the record."

{¶ 17} HHVC requested findings of fact and conclusions of law and filed preliminary objections to the magistrate's ruling. The magistrate ordered the parties to file any proposed findings of fact and conclusions of law by October 8, 2020. All parties filed proposed findings of fact and conclusions of law by that deadline.

{¶ 18} On October 29, 2020, the magistrate adopted the findings of fact and conclusions of law offered by Grande Voiture and Voiture Nationale. Based on these findings, the magistrate concluded that Count One was barred by res judicata, that HHVC's attorney (Simpson) did not have authority to file the forcible entry and detainer action, that HHVC's claim was an improper collateral attack on the judgment in Case No. 2018-CV-1457, and that HHVC's counsel's conduct was in direct violation of the permanent injunction issued April 28, 2019 in Case No. 2018-CV-1457. The magistrate further concluded, as suggested by Voiture Nationale, that R.C. 5303.01 and R.C. 5303.03 did not apply to Voiture Nationale, and that HHVC lacked standing to assert a quiet title claim under Sections 5303.01 and 5303.03 because it was not a person in possession of the real property located at 4214 Powell Road. On those bases, the magistrate dismissed Count One.

{¶ 19} HHVC objected to the magistrate's decision.

{¶ 20} On January 21, 2021, the trial court notified the parties that it was converting Grande Voiture's Civ.R. 12(B)(6) motion to a motion for summary judgment, and it invited Grande Voiture to file a supplemental motion and HHVC to file a supplemental response.

Both Grande Voiture and Voiture Nationale filed supplemental summary judgment motions, reiterating their prior arguments. Grande Voiture's attorney filed an affidavit regarding the prior litigation and authenticating the judgments provided. HHVC filed a supplemental response and a cross-motion for summary judgment with affidavits.

{¶ 21} On March 15, 2021, the trial court filed two judgment entries addressing several motions. Of relevance, in its first judgment, the trial court noted that HHVC had failed to file a transcript of the hearing before the magistrate, accepted the magistrate's findings of facts, and concluded that the facts supported the magistrate's legal conclusions. The trial court adopted the magistrate's decision and dismissed Count One of the complaint. In the second judgment, the trial court granted Grande Voiture's and Voiture Nationale's motions for summary judgment and denied HHVC's motion for summary judgment. The court concluded that the action was barred by res judicata.

{¶ 22} HHVC appeals from the trial court's judgments, raising four assignments of error. We will address them in a manner that facilitates our analysis.

## II. Dismissal of Count One

{¶ 23} In its fourth assignment of error, HHVC claims that the trial court "erred in dismissing Plaintiff's First Cause of Action for restitution of the premises described in the Complaint."

{¶ 24} HHVC argues that the magistrate's decision "ignore[d] the facts and issues presented to her by the Plaintiff's Complaint, by the Plaintiff's motion for judgment on the pleadings and for summary judgment and by the affidavits of Roy Hoskins, Plaintiff's Secretary, Melissa Richardson, the bartender and the members Walter Kniffin, Robert Holman, and Joseph Fowler." HHVC asserts that Grande Voiture and Voiture Nationale

did not controvert the allegations or sworn statements provided by HHVC and thereby admitted to the allegations in the complaint and statements in the affidavits. We disagree.

**{¶ 25}** After HHVC requested findings of fact and conclusions of law, the magistrate accepted the findings of fact proposed by Grande Voiture and Voiture Nationale. Those findings of fact consisted of:

**Grande Voiture**:

1. Although this action was ostensibly filed by Attorney Simpson on behalf of the "Huber Heights Veterans Club," that organization is the same charitable corporation as the Montgomery Voiture Locale No. 34 La Société des 40 Hommes et 8 Chevaux which was a defendant in Case 2018CV01457. The name change was the consequence of papers filed by Attorney Simpson with the Ohio Secretary of State. On March 4, 2020, Mr. Simpson was held in contempt of the injunction issued by Judge Parker of this Court because he lacked authority to file for such a name change and was ordered to restore the name in order to purge himself of contempt. (See Decision, p. 16.) He has not done so.

2. The decision of the Common Pleas Court in Case 2018CV01457, dated April 28, 2019 issued a still-operative permanent injunction which dissolved the purported board of directors which Mr. Simpson had set up under an invalid new constitution. That decision, including the permanent injunction, was subsequently affirmed on appeal. Time for appealing that decision to the Ohio Supreme Court has passed[.] That board of directors,

having been dissolved, and which included Mr. Simpson as a board member, did not have authority, [sic] to authorize Mr. Simpson to change the name of the corporation or to file court actions on its behalf.

3.      Mr. Simpson previously filed a forceable [sic] entry and detainer action in Montgomery County Municipal Court, Case No. 2019 CVG 00882 E, on behalf of Montgomery Voiture Locale No. 34[.]   The Municipal Court dismissed Simpson's prior forcible entry and detainer action for the reason that Mr. Simpson did not have authority to represent the corporation.   The Municipal Court Judge's decision dismissing case 2019 CVG 00882 E acknowledged that, according to the injunction order,

> [A]ll members not in good standing and elected under the Constitution and by laws of the Voiture Locale in 1976 and approved in 1978 and amended in 1984, including Charles Simpson, are hereby barred from further participation in the affairs of or from taking further action on behalf of Montgomery Voiture Locale No. 34.   These are exactly those individuals being represented in the case at bar.

The Municipal Court granted judgment in favor of the Defendant and dismissed the case with prejudice. (Id., p. 3.)   No appeal was taken from that decision.

4.      Similarly, the United States Bankruptcy Court for the Southern District of Ohio in Case No. 19-31489 dismissed the petition that Mr. Simpson filed, ostensibly on behalf of Montgomery Voiture Locale No. 34.

The Court stated: "Having concluded that the state court already determined Simpson lacked authority to act for the Voiture Locale and such findings are entitled to preclusive effect, it follows that the petition was without authority under Ohio law.   This bankruptcy case must be dismissed."

**Voiture Nationale**

1.      Voiture Nationale was not a party in the forcible entry and detainer action captioned *Montgomery Voiture Locale No. 34 La Societe des 40 Hommes et 8 Chevaux v. Grande Voiture d'Ohio La Societe des 40 Hommes et 8 Chevaux*, filed in the Montgomery County Municipal Court, Case No. 2019 CVG 00882 E.

2.      The forcible entry and detainer action in Case No. 2019 CVG 00882 E concerned real and personal property located at 4214 Powell Road, Huber Heights, Ohio 45424.

3.      In the forcible entry and detainer action in Case No. 2019 CVG 00882E, the plaintiff did not allege that Voiture Nationale took possession of or asserted any possessory interest in any real and personal property located at 4214 Powell Road, Huber Heights, Ohio 45424.

4.      In this matter, Plaintiff presented no evidence proving that Voiture Nationale has taken possession of or asserted any possessory interest in any real and personal property located at 4214 Powell Road, Huber Heights, Ohio 45424.   Therefore, this Court finds that Voiture Nationale has neither taken possessions [sic] nor asserted any possessory interest in any real and personal property located at 4214 Powell Road, Huber Heights,

Ohio 45424.

5. In this matter, Plaintiff presented no evidence that Voiture Nationale has undertaken any action, activity, or conduct to keep Plaintiff out of possession of the real and personal property located at 4214 Powell Road, Huber Heights, Ohio 45424.

The trial court adopted these findings as well.

{¶ 26} The record does not contain a written transcript or video recording of the June 23, 2020 hearing before the magistrate. HHVC did not request the preparation of a transcript in the trial court, nor did it request the preparation of a transcript as part of its appeal.

{¶ 27} Under Civ.R. 53(D)(3)(b)(iii), the party objecting to a magistrate's decision is required to provide a transcript when it asks the trial court to review the factual findings of a magistrate. *Williams v. Foster*, 2d Dist. Montgomery No. 28416, 2019-Ohio-4601, ¶ 10, citing *Price v. Combs*, 2d Dist. Darke No. 2015-CA-17, 2016-Ohio-429, ¶ 16. In the absence of a written transcript of the hearing before the magistrate, we have no record of the evidence presented to the magistrate, and we cannot speculate what testimony or other evidence was presented at that hearing. *Miller v. Tye*, 2d Dist. Montgomery No. 26277, 2015-Ohio-199, ¶ 9. We must presume that the magistrate's and the trial court's findings were supported by the evidence presented at the hearing.

{¶ 28} Accepting the trial court's findings, we find no error in the trial court's conclusion that HHVC's attorney lacked authority to initiate this action. The findings of fact indicate that Simpson had no authority to file this action due to the ongoing permanent injunction in Case No. 2018-CV-1457, thus warranting dismissal. The findings further

support a conclusion that HHVC has no viable restitution of property claim against Voiture Nationale.

{¶ 29} HHVC's fourth assignment of error is overruled.

### III. Judicial Notice

{¶ 30} In its first assignment of error, HHVC claims that the trial court "erred in taking notice of and considering as evidence matters concerned in other cases not before the Court." It argues that the court was not permitted to take judicial notice of proceedings in other cases, even when the same parties are involved. HHVC asserts that the matters addressed in those other proceedings were irrelevant to the issues raised in this action.

{¶ 31} Evid.R. 201 allows an adjudicative fact (i.e., a fact of the case) to be judicially noticed if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(A-B); *e.g., Harrah's Ohio Acquisition Co., LLC v. Cuyahoga Cty. Bd. of Revision*, 154 Ohio St.3d 340, 2018-Ohio-4370, 114 N.E.3d 192, ¶ 30; *Evans v. Jeff Wyler Chrysler Jeep Dodge Ram of Springfield*, 2018-Ohio-1726, 111 N.E.3d 901, ¶ 26 (2d Dist.). A court is required to take judicial notice if requested by a party and supplied with the necessary information. Evid.R. 201(D); *State v. Reed*, 2d Dist. Montgomery No. 28272, 2019-Ohio-3295, ¶ 18.

{¶ 32} In addition, Civ.R. 41.1 addresses the taking of judicial notice of certain law. Pursuant to Civ.R. 44.1(A)(1), "[j]udicial notice shall be taken of the rules of the supreme court of this state and of the decisional, constitutional, and public statutory law of this

state."

**{¶ 33}** A trial court is "permitted to take judicial notice of the filings in the case before it." *Preston v. Shutway*, 2013-Ohio-185, 986 N.E.2d 584, ¶ 26 (2d Dist.). While it has not always been the case, we have recently stated that a court "may appropriately take notice of judicial opinions and public records that are accessible via the internet." *E.g.*, *State v. Lewis*, 2d Dist. Montgomery No. 28962, 2021-Ohio-1895, ¶ 49, fn. 7, citing *State v. Carr*, 2d Dist. Montgomery No. 28360, 2020-Ohio-42, ¶ 4, fn. 2 ; *State v. Bevers*, 2d Dist. Montgomery No. 27651, 2018-Ohio-4135, ¶ 13; *State v. Beverly*, 2016-Ohio-8078, 75 N.E.3d 847, ¶ 34 (2d Dist.).

**{¶ 34}** In this case, Grande Voiture attached documents from other litigation involving the parties to its Civ.R. 12(B)(6) motion and authenticated those documents in an affidavit in support of its supplemental motion for summary judgment. Voiture Nationale adopted Grande Voiture's motions. Although HHVC characterizes the trial court's error as taking judicial notice of another proceeding, there is no indication in the record that the trial court looked beyond the documents provided by Grande Voiture and Voiture Nationale in support of their motions for summary judgment. The documents from other proceedings were properly before the trial court as exhibits in support of the supplemental motions for summary judgment, and the trial court did not err in considering them.

**{¶ 35}** Even assuming, for sake of argument, that the trial court considered additional filings from the common pleas court, municipal court, and bankruptcy court cases, we cannot conclude that the trial court abused its discretion in doing so. Grande Voiture and Voiture Nationale brought those cases to the trial court's attention, and the

filings in those proceedings are readily available via the internet.

**{¶ 36}** HHVC's first assignment of error is overruled.

### IV. Summary Judgment / Res Judicata

**{¶ 37}** In its third assignment of error, HHVC claims that the trial court "erred in denying Plaintiff's motion for summary judgment on the First Cause of Action and in allowing Defendants['] motion[s] for summary judgment." HHVC's second assignment of error claims that the trial court erred in applying res judicata as a bar to the present action. Because the trial court granted summary judgment based on the application of res judicata, we will address these claims together.

### A. Standard for Motion for Summary Judgment

**{¶ 38}** Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

**{¶ 39}** Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits

or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 40} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

### B. Res Judicata

{¶ 41} The doctrine of res judicata consists of two parts: (1) claim preclusion (estoppel by judgment) and (2) issue preclusion (collateral estoppel). *Hicks v. State Farm Mut. Auto. Ins. Co.*, 2017-Ohio-7095, 95 N.E.3d 852, ¶ 18 (2d Dist.). Claim preclusion prevents later actions by the same parties based on a claim arising out of a transaction that was the subject of a previous lawsuit. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6; *Brown v. Dayton*, 89 Ohio St. 3d 245, 247, 730 N.E.2d 958 (2000). "To determine whether claim preclusion applies, a court should consider four factors: (1) whether there is a prior valid judgment on the merits; (2) whether the latter action involves the same parties, or their privies, as the prior action; (3) whether the latter action raises claims that were or could have been litigated in the prior action; and (4) whether both actions arose out of the same transaction or occurrence." *Newman v. Univ. of Dayton*, 2d Dist. Montgomery No. 28815, 2021-Ohio-1609, ¶ 23.

{¶ 42} In contrast, issue preclusion stops re-litigation of any fact or point that was determined by the court in a previous suit between the same parties. *O'Nesti* at ¶ 7; *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). "Issue preclusion applies even if the causes of action differ." *Id.*

{¶ 43} At the outset, HHVC claims that the defense of res judicata should have been set forth as an affirmative defense in Grande Voiture's and Voiture Nationale's answers, but was not.

{¶ 44} When a complaint is filed, the defending party must respond either with an answer or by an appropriate motion. *See* Civ.R. 12. In general, the affirmative defense of res judicata must be affirmatively set forth in a responsive pleading. Civ.R. 8(C). However, when the allegations in the complaint establish the applicability of res judicata, that defense may be raised in a Civ.R. 12(B)(6) motion.

{¶ 45} "When a defense of res judicata requires consideration of materials outside the record, the defense may not be determined on a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991); *Rodefer v. McCarthy*, 2015-Ohio-3052, 36 N.E.3d 221, ¶ 31 (2d Dist.). When res judicata is improperly raised in a Civ.R. 12(B)(6) motion, the trial court may convert the Civ.R. 12(B)(6) motion to a motion for summary judgment (as permitted by the rule) or conduct a trial on the issue. *Rodefer* at ¶ 31, citing *Folck v. Khanzada*, 2d Dist. Clark No. 2012-CA-18, 2012-Ohio-4971, ¶ 8.

{¶ 46} In this case, HHVC's complaint did not include any allegations that suggested, much less established, that the doctrine of res judicata applied. Grande

Voiture and Voiture Nationale responded to the complaint with Civ.R. 12(B)(6) motions, which attached rulings from prior cases involving the parties. Because the Civ.R. 12(B)(6) motions relied on evidence outside of HHVC's pleading, Grande Voiture and Voiture Nationale did not properly raise res judicata in their Civ.R. 12(B)(6) motions. Nevertheless, the trial court acted within its discretion when it converted the motions to dismiss into motions for summary judgment, with notice to the parties. We find no fault with the trial court's procedural handling of the res judicata affirmative defense.

{¶ 47} Turning to the motions for summary judgment, HHVC argues that there is no prior judgment involving the same claims as presented in the current action. It contends that nothing in the April 29, 2019 judgment entry in Case No. 2018-CR-1457 "affects the facts of the present case," which concerns conduct that occurred after that judgment entry. HHVC further argues that the municipal court judgment in the prior forcible entry and detainer action dismissed the action without prejudice, was not a judgment on the merits, and thus did not preclude a subsequent action. HHVC thus claims that res judicata did not apply. HHVC further argues that genuine issues of material fact exist, pointing to the affidavits submitted on its behalf.

{¶ 48} The record establishes that several prior actions have been filed involving the parties. Although Case No. 2018-CR-1457, the bankruptcy action, and the municipal court action concerned Montgomery Voiture Locale No. 34 La Societe des 40 Hommes et 8 Chevaux (Voiture Locale), rather than HHVC, the complaint in this case acknowledges that HHVC was formerly known as Montgomery Voiture Locale No. 34 La Societe des 40 Hommes et 8 Chevaux. HHVC stated that it previously had been associated with The 40 and 8 organization, and that the organization had changed its

name to HHVC on June 18, 2019. For purposes of privity, HHVC and Voiture Locale are one and the same.

{¶ 49} The prior litigation resolved several claims and issues between the parties. Notably, the court held that Voiture Locale was "bound by the constitutions of the organization at the national, state and local levels, and the other rules promulgated by the national and state-level organizations." The court nullified actions taken by Simpson and other non-members, including the creation of an amended constitution for Voiture Locale. As part of its ruling in Case No. 2018-CV-1457, the trial court rejected Voiture Locale's claim that it could "do whatever it wants with the local membership hall, or Chateau, because it holds the deed." The common pleas court stated, "The notion that a local branch of a church or fraternal organization holds its property separately and without obligation to the national organization has been repeatedly rejected by courts of law, however. Courts will intervene to prevent a local branch from misusing or alienating property that properly belongs to the organization under the organization's constitutions and rules." The national constitution specifically addresses the ownership of property (real and personal) should the charter of a voiture locale be cancelled.

{¶ 50} The court in Case No. 2018-CV-1457 granted injunctive relief in favor of Grande Voiture. As part of that relief, Simpson was barred from further participation in the affairs of Voiture Locale and from acting as an officer of the organization. Voiture Locale also was prohibited from "selling, transferring, or otherwise alienating the real property of the Voiture Locale or using it in any way other than its dedicated, exempt purpose." The holdings in Case No. 2018-CV-1457 have preclusive effect as to the issues decided and the claims that were and could have been raised in that action.

{¶ 51} The bankruptcy court's ruling relied substantially on the holdings in Case No. 2018-CV-1457.   The bankruptcy court noted that Simpson had asserted that he had corporate authority to file the bankruptcy petition, relying on a resolution signed in May 2019 by the purported board of directors, which included Simpson, Roy Hoskins, Walter Kniffin, and Robert Holman. (The common pleas court judgment dissolved the purported board of directors appointed under the amended constitution.)   The actual Chef de Gare of Voiture Locale as of May 11, 2019, Larry Campbell, did not sign the resolution to authorize the bankruptcy action.   The bankruptcy court concluded that Simpson could not relitigate his authority to act on behalf of Voiture Locale and that the Ohio court's determination had preclusive effect.

{¶ 52} Simpson's authority to bring the present action was a threshold question, which the trial court properly resolved prior to addressing the merits of HHVC's claims. HHVC is bound by the injunctions against Simpson and Voiture Locale in Case No. 2018-CV-1457, which precludes Simpson from taking actions on behalf of Voiture Locale. That prohibition exists regardless of whether the local organization's name has been changed to HHVC.

{¶ 53} HHVC appears to have presented the affidavit of Roy Hoskins in an attempt to circumvent that injunction.   Hoskins stated in his affidavit that he was the secretary of HHVC, that the board of directors of HHVC had authorized this lawsuit, and that the board of directors had "duly authorized Charles J. Simpson to file this action on its behalf and to represent the corporation."   He further averred: "The officers and the members of the Board of Directors of the said corporation have been elected to their positions pursuant to law by vote of the members of corporation.   At no time has any member or group of

members of the corporation sought or attempted to remove any of the officers or directors from their position. Each officer and director continues to hold his position in full force and effect." Hoskins's affidavit concerned issues previously litigated in Case No. 2018-CV-1457 and contradicted the findings of the common pleas court. Despite Hoskins's affidavit, Simpson's filing of this action was in direct contravention of the injunction previously imposed by the common pleas court.

{¶ 54} On the record before us, the trial court properly applied the doctrine of res judicata and granted summary judgment to Grande Voiture and Voiture Nationale. HHVC's second and third assignments of error are overruled.

### IV. Conclusion

{¶ 55} The trial court's judgments will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and HALL, J., concur.

Copies sent to:

Charles J. Simpson
Kevin A. Bowman
Edward J. Dowd
Christopher T. Herman
Hon. Mary L. Wiseman