[Cite as *State v. Brown*, 2026-Ohio-949.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30569 |
| Appellee | : | |
| | : | Trial Court Case No. 2022 CR 01036 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| CHRISTOPHER DEANGELO BROWN | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 20, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

TUCKER, J., and EPLEY, J., concur.

CHRISTOPHER DEANGELO BROWN, Appellant, Pro Se
ANDREW T. FRENCH, Attorney for Appellee

LEWIS, P.J.

{¶ 1} Defendant-appellant Christopher Deangelo Brown appeals from a judgment of the Montgomery County Common Pleas Court that denied his public records request pursuant to R.C. 149.43(B)(8). For the following reasons, we affirm the judgment of the trial court.

## I. Procedural History

{¶ 2} In August 2022, Brown was convicted of robbery, a felony of the second degree, and sentenced to an indefinite mandatory minimum term of five years in prison to a maximum of seven and one-half years. We affirmed Brown's conviction. *State v. Brown*, 2023-Ohio-645, ¶ 21 (2d Dist.).

{¶ 3} On January 28, 2025, Brown, an incarcerated inmate, filed a pro se motion requesting public records pursuant to R.C. 149.43(B)(8). Brown sought information that allegedly involved the investigation and prosecution of his criminal case. Brown sought the requested public records solely to review the evidence, which "may help him find something that could have been overlooked."

{¶ 4} On May 14, 2025, Brown filed a motion asking the court to rule on his pending motion. The trial court overruled Brown's motion two days later.

{¶ 5} On August 7, 2025, Brown filed a notice of appeal and motion for leave to file a delayed appeal stating that he did not receive the trial court's May 16, 2025 decision. A copy of the trial court's decision was attached to Brown's notice of appeal. We overruled

2

Brown's motion for leave to appeal and ordered the parties to proceed in accordance with the Rules of Appellate Procedure. As we explained, a defendant's postconviction public-records request is civil in nature. *State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-47, ¶ 35 (10th Dist.). Although Brown's notice of appeal was not filed within 30 days of the order on appeal, the time in which to file a notice of appeal under App.R. 4(A)(1) is "[s]ubject to the provisions of App.R. 4(A)(3)" in civil cases. App.R. 4(A)(3) "contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to Civ.R. 58(B)." *In re Anderson*, 92 Ohio St.3d. 63, 67 (2001). Because the trial court failed to direct the clerk of court to serve Brown with notice of the judgment per Civ.R. 58(B), the time for filing had not yet begun. Therefore, Brown's notice of appeal was timely filed.

## II. Public Records Request

{¶ 6} In his first assignment of error, Brown states:

TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR PUBLIC RECORDS, PURSUANT TO R.C. 149.43.

{¶ 7} We review trial court orders on disclosure of public records for an abuse of discretion. *State v. Morris*, 2017-Ohio-1196, ¶ 29 (2d Dist.), citing *State v. Atakpu*, 2013-Ohio-4392, ¶ 7 (2d Dist.). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 8} "R.C. 149.43, the Public Records Act, requires public offices to make public records in their custody available for inspection and to provide copies thereof upon request." *Myers v. Myers*, 2002-Ohio-6380, ¶ 16 (2d Dist.). However, where the records pertain to

3

public records concerning a criminal investigation or prosecution, "[t]he Public Records Act imposes restrictions on the ability of an inmate to request records." *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 2021-Ohio-4487, ¶ 13. Pursuant to R.C. 149.43(B)(8):

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction . . . to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution . . . unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence . . . with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 9} "This statute 'sets forth heightened requirements for inmates seeking public records, and requires an incarcerated criminal defendant to demonstrate that the information he is seeking pursuant to R.C. 149.43 is necessary to support a justiciable claim or defense.'" *State v. Carr*, 2020-Ohio-42, ¶ 15 (2d Dist.), quoting *State v. Gibson*, 2007-Ohio-7161, ¶ 13 (2d Dist.). Until the inmate demonstrates this, "he is not entitled to receive records related to his criminal cases." *State ex rel. Adkins v. Cantrell*, 2023-Ohio-1323, ¶ 26.

{¶ 10} "A 'justiciable claim' is a claim properly brought before a court of justice for relief." *State v. Wilson*, 2011-Ohio-4195, ¶ 9 (2d Dist.). This court has consistently held that the justiciable claim requirement "ordinarily involves identifying a 'pending proceeding with respect to which the requested documents would be material.'" *State v. Wilson*, 2009-Ohio-7035, ¶ 5 (2d Dist.), quoting *Gibson* at ¶ 14. At least one court has disagreed and

4

held that R.C. 149.43(B)(8) does not require a justiciable claim to be pending, only that the inmate has a justiciable claim to be advanced. *See State v. Askew*, 2017-Ohio-1512, ¶ 12 (11th Dist.). Nevertheless, *Askew* still requires a defendant to allege a justiciable claim in the public records request and identify how the evidence being sought is necessary to advance such claim. *Id*. at ¶ 13.

{¶ 11} In his public records request, Brown did not identify any pending proceedings or any proceeding likely to have been instituted to which the requested documents would have been material to support a justiciable claim. Further, Brown made no argument below about why the requested information, if it existed at all, was necessary to support a justiciable claim. The trial court concluded that it could not discern any justiciable claim. "A trial court does not abuse its discretion when it denies a motion under R.C. 149.43(B)(8) made by a person who has not demonstrated that he has a justiciable claim or that the public records he seeks are necessary to support such a claim." *Carr*, 2019-Ohio-3802, at ¶ 21 (2d Dist.), citing *State v. Reid*, 2012-Ohio-1659, ¶ 13 (2d Dist.).

{¶ 12} Because Brown has not demonstrated that he has a justiciable claim or that the public records he sought were necessary to support that claim, the trial court did not abuse its discretion when it overruled Brown's motion. Brown's first assignment of error is overruled.

### III. Due Process

{¶ 13} Brown's second assignment of error states:

APPELLANT WAS DENIED DUE [SIC] IN VIOLATION OF THE 14TH AMENDANT [SIC] OF U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 14} Brown contends that the trial court's delay in deciding his motion unduly delayed his appeal, which violated his due process rights. We disagree.

{¶ 15} "The Due Process Clause of the Fifth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, provides: 'No person shall * * * be deprived of life, liberty, or property, without due process of law.'" *In re Thompkins*, 2007-Ohio-5238, ¶ 12. "Our courts have long recognized that due process requires both notice and an opportunity to be heard." *Id*. at ¶ 13.

{¶ 16} Brown filed his motion requesting public records on January 28, 2025. The State did not file a response. On May 14, 2025, Brown filed a motion asking the court to rule on his pending motion. Two days later, the trial court overruled Brown's public records request. Brown argues he was prejudiced in that had the trial court timely ruled on his motion, he would not have had to waste time and resources. "Prejudice" is defined as "[d]amage or detriment to one's legal rights or claims." *Black's Law Dictionary* (12th Ed. 2024). We cannot conclude that the trial court's three-and-one-half month delay in rendering a decision was unreasonable or caused any detriment to Brown's legal rights or claims.

{¶ 17} Nor can we conclude that the failure to timely serve Brown with the trial court's May 16, 2025 order pursuant to Civ.R. 58(B) resulted in any due process violation. While the right to file an appeal is considered a property interest, and "a litigant may not be deprived of that interest without due process of law," Brown was not deprived of his right to file an appeal. *Atkinson v. Grumman Ohio Corp.*, 37 Ohio St.3d 80 (1988), paragraph one of the syllabus. Brown filed a notice of appeal on August 7, 2025, and attached a copy of the trial court's order. We deemed the appeal timely filed. Brown therefore was provided notice

and an opportunity to be heard in both the trial court and this court.  Accordingly, Brown's second assignment of error is overruled.

### IV.  Conclusion

{¶ 18} Having overruled Brown's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and EPLEY, J., concur.