O'Connor, C.J.
*1207 {¶ 1} Adam Arnold, counsel for the defendant, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Erik Blaine from sentencing the defendant in the above-referenced case.
{¶ 2} Mr. Arnold claims that Judge Blaine has used the case "for political gain and publicity." Primarily, Mr. Arnold alleges that Judge Blaine scheduled sentencing on the day that Mr. Arnold will be returning from previously scheduled, out-of-state holiday travel, which will not allow him to adequately prepare for the sentencing. The judge's refusal to continue the hearing, Mr. Arnold avers, shows that Judge Blaine "intends to render as harsh a sentence as possible in order to raise his political profile" before his final day in office, which is the day after the scheduled sentencing.
{¶ 3} Judge Blaine has responded in writing to the affidavit and denies any bias against the defendant. The judge also explained his reasons for denying Mr. Arnold's request to continue the sentencing hearing.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Blaine.
{¶ 5} First, Mr. Arnold acknowledges that another attorney also represents the defendant and nothing in this record indicates that Mr. Arnold's cocounsel is unavailable for the scheduled sentencing. Second, it is well established that "[a] judge's decision to grant or deny a party's request for a continuance is within the sound discretion of the judge and is not, by itself, evidence of bias or prejudice." In re Disqualification of Pontious , 94 Ohio St.3d 1235, 1236, 763 N.E.2d 603 (2001). Third, because this was a bench trial, Judge Blaine is in the best position to sentence the defendant. If the defendant had not fled the state near the end of his trial, Judge Blaine would have undoubtedly already sentenced him. Fourth, if Mr. Arnold believes that his client's rights were compromised by Judge Blaine's refusal to continue the sentencing hearing-for example, if Mr. Arnold believes *1208 that he was not given sufficient time to prepare-he may raise those issues on appeal. An affidavit of disqualification, however, "addresses the narrow issue of the possible bias or prejudice of a judge. It is not a vehicle to contest matters of substantive or procedural law * * *." In re Disqualification of Solovan, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Mr. Arnold has not established that Judge Blaine's actions in the underlying case were a product of bias against the defendant.
{¶ 6} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.)
*843 In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 7} The affidavit of disqualification is denied. Sentencing may proceed before Judge Blaine.