[Cite as *Interstate Dev. Ltd. Partnership v. Briggs*, 2021-Ohio-2259.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

INTERSTATE DEVELOPMENT
LIMITED PARTNERSHIP,                    :

      Plaintiff-Appellee,              :

                          No. 109578

      v.                               :

TIERA BRIGGS,                           :

      Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 1, 2021

Civil Appeal from the Cleveland Heights Municipal Court
Case No. CVF1700186

***Appearances:***

Powers Friedman Linn, P.L.L., and Rachel E. Cohen, *for appellee*.

Tiera D. Briggs, *pro se*.

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Tiera Briggs ("Briggs") challenges the trial court's judgment granted in favor of the plaintiff-appellee Interstate Development Limited Partnership, L.L.C., ("Interstate") on its complaint and Briggs's counterclaim. After a thorough review of the law and facts, we affirm the judgment of the trial court.

# I. Factual and Procedural History

**{¶ 2}** This matter arises from a complaint filed by Interstate in the Cleveland Heights Municipal Court alleging claims for breach of a lease agreement and payment on account against Briggs. Interstate and Briggs had entered into a lease agreement for the premises known as Suite 217 of the Douglas Fine Arts Building in Cleveland Heights, Ohio. Under the terms of the lease, Briggs agreed to pay Interstate rent of $3,900 per year in monthly installments of $325. Briggs began her occupancy of the unit in January 2013 and vacated the premises in August 2015. At the time that she vacated the premises, Briggs was in breach of the lease agreement for failure to pay rent in the amount of $3,770.

**{¶ 3}** Briggs filed an answer and counterclaim, alleging that Interstate had breached the lease agreement and caused her to vacate the premises by (1) refusing to maintain the building as agreed; (2) repeatedly entering the unit without prior notice or permission; and (3) refusing to replace the blinds.

**{¶ 4}** The matter proceeded to trial on all claims, after which the judge issued a written decision finding that Interstate was entitled to judgment in the amount of $3,445 and further finding in favor of Interstate on Briggs's counterclaim.

**{¶ 5}** Briggs filed the instant appeal, asserting two assignments of error for our review:

> 1. [The] lower court's ruling is against the manifest weight of the evidence.
>
> 2. The presiding judge should have disqualified himself from hearing the case.

## II. Law and Analysis

### A. Manifest Weight of the Evidence

{¶ 6} Preliminarily, we note that Briggs has not filed a transcript of the underlying proceedings in this matter. On appeal to this court, the appellant bears the burden of showing error by reference to matters in the record. App.R. 9(B); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.* at 199.

{¶ 7} Moreover, App.R. 9(B)(4) provides that "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm. *Id.*

{¶ 8} While appellant argues that the trial court's judgment was against the manifest weight of the evidence, without a transcript to review, we have no basis upon which to analyze this assignment of error. *See Foster v. Benson*, 8th Dist. Cuyahoga No. 107366, 2019-Ohio-1528, ¶ 40, citing *Fennell v. DeMichiei*, 8th Dist. Cuyahoga No. 106966, 2019-Ohio-252, ¶ 11 ("[B]ecause Fennell did not file a transcript of either the August 2017 or February 2018 hearings, we are unable to

review her arguments to the extent they relate to factual disputes."). Instead, we are left with the trial court's factual findings. Accordingly, we must presume regularity of the lower court's proceedings and affirm the trial court's judgment.

{¶ 9} Briggs's first assignment of error is overruled.

## B. Disqualification

{¶ 10} In her second assignment of error, Briggs argues that the trial court judge should have disqualified himself from the proceedings. Briggs contends that the trial court judge knew her and had presided over other cases to which appellant had been a party, including evictions. Thus, Briggs contends that the judge was aware of her prior financial difficulties and could be believed to not be impartial, particularly when Interstate argued that Briggs was unable to pay her rent due to her financial issues.

{¶ 11} The record reflects that Briggs did not object or raise this issue in the lower court proceedings. "It is well settled that an appellate court will not rule on an alleged error that could have been brought to the attention of the trial court." *E. Cleveland v. Echols*, 8th Dist. Cuyahoga No. 74941, 1999 Ohio App. LEXIS 5706, 5 (Dec. 2, 1999), citing *State v. Peagler*, 76 Ohio St.3d 496, 499, 668 N.E.2d 489 (1996). R.C. 2701.031 mandates that allegations of judicial bias must be raised in an affidavit of disqualification filed at least seven days before the date of the hearing. No such affidavit was filed in this case.

> "A court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis. * * * R.C. 2701.03 sets forth the procedure by which a party may seek

disqualification. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court."

*Echols*, quoting *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993).

{¶ 12} Because Briggs failed to properly raise the issue of bias before the trial court, she is precluded from raising the issue on appeal. Thus, Briggs's second assignment of error is overruled.

### III. Conclusion

{¶ 13} Because Briggs failed to file a transcript of the proceedings in this matter, we must accept the factual findings of the trial court and cannot find that the judgment was against the manifest weight of the evidence. Further, since Briggs did not raise the issue of judicial bias in the trial court or file an affidavit of disqualification of the judge, we cannot consider this claimed error on appeal. Both of Briggs's assignments of error are overruled, and the judgment of the trial court is affirmed.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR