[Cite as *Huber Hts. Veteran's Club, Inc. v. Bowman*, 2021-Ohio-3944.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| HUBER HEIGHTS VETERANS CLUB, INC. | : | |
| | : | |
| | : | Appellate Case No. 29175 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2021-CV-1570 |
| v. | : | |
| | : | (Civil Appeal from |
| KEVIN BOWMAN, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of November, 2021.

. . . . . . . . . . .

CHARLES J. SIMPSON, Atty. Reg. No. 0007339, 157 Lammes Lane, New Carlisle, Ohio 45344
      Attorney for Plaintiff-Appellant

KEVIN A. BOWMAN, Atty. Reg. No. 0068223, 130 West Second Street, Suite 900, Dayton, Ohio 45402
      Attorney for Defendants-Appellees

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-Appellant, Huber Heights Veterans Club, Inc. ("HHVC") appeals from a summary judgment granted to Defendants-Appellees, Kevin Bowman and Frank Kronen (collectively, "Defendants") on HHVC's claims for damages and a permanent injunction.   The trial court's decision was based on res judicata.   For the reasons discussed below, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 2} This is the latest in a long line of trial court cases and appeals related to the same issues.   Our most recent decision, which also involved HHVC, was issued on August 13, 2021, and summarized the following background of the various cases:

The Forty and Eight [a veterans' organization] has a hierarchical structure consisting of a national organization and associated state and local organizations.   Voiture Nationale is the national organization, and Grande Voiture is the Ohio state-level organization.   Montgomery Voiture Locale No. 34 La Societe des 40 Hommes et 8 Chevaux ("Voiture Locale") is the county-level organization in Montgomery County.   HHVC purports to be a successor organization to Voiture Locale that is no longer associated with The Forty and Eight.[1]

---

[1] The unusual names of these organizations are rooted in events that occurred during World War I in France.   "Voiture Nationale was formed by the American Legion in 1920. Originally intended to be an elite membership group for leaders of the American Legion, Voiture Nationale derives its name from the railway boxcars, called 'voitures' in French, that were used to transport American troops in France to the front lines during World War I.   Each boxcar bore a sign reading '40 Hommes/8 Chevaux,' meaning that it had a capacity of 40 men and 8 horses.   The group consists of the national organization, state-

At some point, Voiture Locale began engaging in conduct that was contrary to the constitution, bylaws, and other governing documents of the national and state-level organizations. Among other things, Voiture Locale adopted an amended constitution, elected a new board of governors under that amended constitution, created an auxiliary membership, and failed to pay national dues.

In 2017, Grande Voiture initiated internal disciplinary proceedings against Charles Simpson, one of the local organization's officers under the new constitution, and permanently expelled him from membership for life. Following that determination, Voiture Locale resolved to prohibit Grande Voiture officials from entering Voiture Locale's premises, located at 4214 Powell Road in Huber Heights. Another member of Voiture Locale, however, filed a criminal trespass complaint against Simpson with the Huber Heights police.

In 2018, Grande Voiture brought an action against Voiture Locale seeking declaratory and injunctive relief, and an accounting. Montgomery C.P. No. 2018-CV-1457. Voiture Locale filed a counterclaim against Grande Voiture and a third-party complaint against Voiture Nationale, alleging that Grande Voiture and Voiture Nationale engaged in actions to

---

level organizations and local-level organizations." *Grande Voiture D'Ohio La Societe Des 40 Hommes Et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes Et 8 Chevaux*, 2d Dist. Montgomery No. 28388, 2020-Ohio-3821, ¶ 2 (*Voiture I*). For simplicity and ease of discussion, we will label all the *Voiture* appeals in chronological order, based on the date they were decided.

wrongfully take possession and control of its property, as well as extortion, coercion, libel, slander and defamation.

On April 29, 2019, the trial court in Case No. 2018-CV-1457 granted summary judgment to Grande Voiture and Voiture Nationale. The court noted: "The evidence in the record is undisputed that Montgomery Voiture Locale No. 34 has violated numerous provisions of the state and national constitutions and is now being run by nonmembers of the 40 and 8, such as Defendant Simpson, who was expelled permanently from membership." The trial court held that Voiture Locale was bound by the constitutions of the organization at the national, state, and local levels, as well as the other rules promulgated by the national and state-level organizations.

The court voided all actions taken by Voiture Locale that were in violation of those constitutions, invalidated Voiture Locale's amended constitution, and dissolved the purported board of directors appointed under that constitution. The court further granted an injunction, which, among other things, barred Simpson from participating in or interfering with the affairs of Voiture Locale. * * * We affirmed the trial court's judgment. [*Voiture I*], 2d Dist. Montgomery No. 28388, 2020-Ohio-3821.

Despite the trial court's rulings, Simpson (a licensed attorney) has continued to act ostensibly on behalf of Voiture Locale, either as a purported officer or as an attorney retained by the now-dissolved board of directors. These actions have included filing a forcible entry and detainer action in municipal court * * *, a bankruptcy petition for Voiture Locale in bankruptcy

court * * *, and additional litigation in common pleas court * * *. Several of the lawsuits challenged conduct by Grande Voiture officials with respect to the local organization's property. In addition, based on Simpson's belief that Voiture Locale was a non-profit corporation under Ohio law that was separate and apart from The Forty and Eight, Simpson filed paperwork to change the name of Voiture Locale to the Huber Heights Veterans Club (HHVC) and to have the Powell Road property retitled in that name. * * *

To date, Simpson has been unsuccessful at every turn. The municipal court, bankruptcy court, and common pleas court actions were resolved based on res judicata and/or due to Simpson's lack of authority to act on behalf of Voiture Locale. * * * The trial court in Case No. 2018-CR-1457 held Simpson in contempt for continuing to act as an officer of Locale Voiture and as counsel for the organization. * * * The court declared the new deed in HHVC's name to be invalid and ordered Simpson to restore title to Voiture Locale. We have affirmed the trial court's orders in Case No. 2018-CR-1457 related to contempt and sanctions and to correct record title. *Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 28854, 2021-Ohio-1430 [(*Voiture II*)]. We have also affirmed that court's order authorizing Grande Voiture to restore the prior name (Voiture Locale) with the Ohio Secretary of State. *Grande Voiture D'Ohio La Societe Des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe Des 40 Hommes et 8 Chevaux*, 2d Dist.

Montgomery No. 29064, 2021-Ohio-2429 [(*Voiture IV*)].

(Footnote added.) *Huber Hts. Veterans Club, Inc. v. Grande Voiture d'Ohio La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 29095, 2021-Ohio-2784, ¶ 3-10 (*Voiture VI*).[2]

{¶ 3} In the most recent appellate case (*Voiture VI*), HHVC had filed a complaint in March 2021 against Grande Voiture and Voiture Nationale, alleging that they had improperly conducted a private sale of HHVC's personal property, located at 4214 Powell Road, on March 5, 2021, and that they had improperly destroyed fixtures and structures at the property. *Voiture VI* at ¶ 11. After the trial court granted summary judgment to the defendants based on res judicata, HHVC appealed. On August 13, 2021, we rejected HHVC's three assignments of error and affirmed the judgment. *Id.* at ¶ 16-30. HHVC did not appeal further from that judgment, and it is final.

{¶ 4} In the case currently before us, HHVC filed an action in April 2021 against Defendants, who are individuals involved with the Voiture parties. Bowman is an attorney who represents Grand Voiture, and Kronen is an officer in Voiture Locale.

{¶ 5} In the lawsuit, HHVC claimed that on April 1, 2021, Defendants filed false or fraudulent documents with the Ohio Secretary of State ("OSOS") using HHVC's identify

---

[2] There have been other cases and appeals in addition to those mentioned. They include *Simpson v. Voiture Nationale La Societe Des Quarante Hommes,* 2d Dist. Montgomery No. 29016, 2021-Ohio-2131 (*Voiture III*) and *Huber Hts. Veterans Club, Inc. v. Grande Voiture d'Ohio La Societe des 40 Hommes et 8 Chevaux,* 2d Dist. Montgomery No. 29078, 2021-Ohio-2695 (*Voiture V*). The Supreme Court of Ohio has denied review in *Voiture II,* which involved the contempt finding against Simpson. *See Grand Voiture D'Ohio la Societe des 40 Hommes et 8 Chevaux v. Montgomery Cty. Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux,* 164 Ohio St.3d 1447, 2021-Ohio-3336, 173 N.E.3d 1239 (Table).

as their own and purporting to take official action by HHVC and its officers and members. The documents in question were a member resolution, signed by Kronen, which amended the organization's articles and restored its former name, and a certificate of amendment filed with the OSOS. The complaint further alleged that Defendants had improperly attempted to sell the premises at 4214 Powell Road in Huber Heights, Ohio, using HHVC's name, that Defendants had improperly executed and attempted to record a fraudulent deed purporting to convey HHVC's property to Grande Voiture, and that, on March 5, 2021, Defendants had improperly executed a sale of property that HHVC owned on the premises at 4214 Powell Road.[3]

---

[3] We note that HHVC's complaint and argument appear to intentionally promote confusion by continually referring to amendment of "Plaintiff's" (HHVC's) articles and to changing "Plaintiff's" (HHVC's) name. This is consistent with HHVC's argument that a corporation (renamed as HHVC) separately controls the personal property and real estate located at 4214 Powell Road in Huber Heights. This is simply not true, and this argument has repeatedly been rejected, beginning with the summary judgment decision in Montgomery C.P. No. 2018-CV-1457, and in the court's later order in that case holding Simpson in contempt. *See* Kevin Bowman Affidavit, Ex. A, p. 11-14 and Ex. B, p. 8-11. In reality, the actions Bowman and Kronen took were simply those authorized by the court in Case No. 2018-CV-1457. Specifically, in its original decision, the court invalided any amendments to the constitution made by Simpson and other nonmembers and dissolved the board of directors. Ex. A at p. 15. The court also ordered Voiture Locale to hold its annual meeting in May 2019 and elect new officers from members in good standing. *Id.* at p. 16. And, the court prohibited Simpson and other nonmembers from participating in the organization's affairs or transferring any property. *Id.* In direct contravention of the permanent injunction, Simpson changed the name of Voiture Locale to HHVC and deeded the property on Powell Road to HHVC. In ruling on the contempt motion, the court held that the name change and deed were invalid and ordered Simpson to rectify these matters. Ex. B at p. 16-17. When Simpson refused to do so, the court authorized Kevin Bowman, counsel for Grand Voiture, to file paperwork with the OSOS, restoring the corporation's name back to what it had been. *See* Bowman Affidavit, Ex. D, p. 3. Frank Kronen signed the certificate of amendment with the OSOS as the authorized representative of Voiture Locale. Ex. E attached to the Bowman Affidavit. Furthermore, on September 17, 2020, the trial court issued an order in Case No. 2018-CV-1457 to record title and for the recorder to return title to Voiture Locale, since Simpson had failed to do as he had been instructed. *See Voiture II*, 2d Dist. Montgomery No. 28854, 2021-Ohio-1430, ¶ 7 (affirming the trial court's contempt decision and order for correction of

**{¶ 6}** On May 17, 2021, Defendants filed an answer, raising the defenses of collateral estoppel and res judicata, among others. Then, on May 24, 2021, Defendants filed a motion for summary judgment, contending that HHVC's claims were barred by collateral estoppel and res judicata. The summary judgment motion was supported by the affidavit of Kevin Bowman, who had represented Grande Voiture in Montgomery C.P. No. 2018-CV-1457, which was the original action brought to establish that Simpson was no longer a member of the local organization and to establish that the local organization was bound by the bylaws and constitution of the national organization of the Forty and Eight. Summary Judgment Motion of Defendants Bowman and Kronen (May 24, 2021), Ex. 1 (Affidavit of Kevin Bowman) ("Bowman Affidavit"), ¶ 1-2.

**{¶ 7}** Bowman's affidavit further related that in April 2019, the court in Case No. 2018-CV-1457 had issued a permanent injunction against Simpson and other persons who were not members in good standing with Voiture Nationale, precluding them from further participation in the affairs of Voiture Locale and barring them from further actions as officers of the organization. *Id.* at ¶ 3. Furthermore, in the same case, the court found Simpson in contempt for violating the injunction by continuing to claim that he represented Voiture Locale in multiple lawsuits. *Id.* at ¶ 4. And, on June 29, 2020, the court awarded nearly $40,000 for attorney fees and costs to Voiture Locale. *Id.* at ¶ 5.

**{¶ 8}** In addition, Bowman's affidavit stated that the court in Case No. 2018-CV-1457 had issued an order on March 13, 2021, authorizing Forty and Eight's counsel to

---

the property title). Thus, contrary to the complaint's allegations, HHVC *did not* have a right to control either Voiture Locale or any real or personal property located at 4214 Powell Road.

file papers with the OSOS to restore the name of the organization from HHVC to Montgomery County Voiture No. 34 La Societe des 40 Hommes et 8 Chevaux. *Id.* at ¶ 7 and Ex. D to the Bowman Affidavit. In the March 13, 2021 order, the court noted that its original decision on the permanent injunction had been affirmed by the court of appeals and was final because the time for appealing to the Supreme Court of Ohio had passed. Ex. D at p. 1.[4] Based on the court order, Bowman filed a resolution of amendment with the OSOS, with an effective date of March 24, 2021. Bowman Affidavit at ¶ 7 and Ex. E to the Bowman Affidavit.

{¶ 9} Bowman's affidavit also discusses various other actions Simpson and HHVC have improperly taken. These include: (1) filing for bankruptcy on behalf of the Voiture Locale (which was dismissed because Simpson lacked authority to act); (2) filing a municipal court case for forcible entry and detainer (which was dismissed because Simpson lacked authority to act); (3) filing Montgomery C.P. No. 2020-CV-2183 (which involved similar claims as the current case and was dismissed based on res judicata);[5] and (4) filing Montgomery C.P. Case No. 2021-CV-1227 (which alleged that Grande Voiture and Voiture Nationale had committed theft of chattels by conducting a private sale at 4214 Powell Road on March 5, 2021). This latter case was also dismissed based on

---

[4] The decision in question is *Voiture I,* 2d Dist. Montgomery No. 28388, 2020-Ohio-3821, which was not appealed to the Supreme Court of Ohio.

[5] On August 6, 2021, we affirmed the two judgments of dismissal issued in Case No. 2020-CV-2183. See *Voiture V*, 2d Dist. Montgomery No. 29078, 2021-Ohio-2695. An appeal to the Supreme Court of Ohio was filed on September 17, 2021, and is still pending. *See* docket for Ohio S.Ct. No. 2021-1166.

res judicata.[6]   *See* Bowman Affidavit at ¶ 8-12 and Exs. F, G, H, I, and J attached to the Bowman Affidavit.   The exhibits attached to Bowman's Affidavit are certified copies of the various decisions that the affidavit references.

{¶ 10} On May 25, 2021, HHVC filed a motion asking the trial court judge (Judge Gerald Parker) to disqualify himself as the presiding judge, alleging that Parker's prior rulings in Montgomery C.P. No. 2018-CV-1457 presented a conflict.   HHVC also filed numerous other motions that month, including a motion to strike Defendants' summary judgment motion, a motion to compel discovery, and a motion for a preliminary injunction. Despite these many filings, HHVC did not file a response to Defendants' summary judgment motion.

{¶ 11} On June 4, 2021, Judge Parker held a hearing on the pending motions. During the hearing, the judge said he would not disqualify himself and denied the motion for disqualification.   Transcript of Proceedings ("Tr."), p. 3-4.   Judge Parker also stated on the record that he was granting summary judgment based on res judicata and collateral estoppel, and that the remaining motions HHVC had filed were moot.   *Id.* at p. 14-17.

{¶ 12} Following the hearing, the judge filed an order granting Defendants' motion for summary judgment and dismissing the complaint.   Order and Entry Granting Defendants' Motion for Summary Judgment and Dismissing Complaint ("Order") (June 7, 2021).   The judge also overruled all the other motions that HHVC had filed.   HHVC then timely appealed from the court's decision.

---

[6]  On August 13, 2021, we affirmed the decision in Case No. 2021-CV-1227.   See *Voiture VI*, 2d Dist. Montgomery No. 29095, 2021-Ohio-2784.   No appeal from this decision has been docketed in the Supreme Court of Ohio.

## II.   Disqualification

{¶ 13} HHVC's first assignment of error states that:

The Court Erred in Denying Plaintiff's Motion for Disqualification on Account of Circumstances Whereby the Judge's Impartiality Might Reasonably Be Questioned.

{¶ 14} Under this assignment of error, HHVC contends that Judge Parker should have disqualified himself based on Jud.Cond.R. 2.11(A)(1) and 7(d).   These provisions state that:

(A)   A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

* * *

(7) The judge meets any of the following criteria:

* * *

(d) The judge previously presided as a judge over the matter in another court.

{¶ 15} As a preliminary point, Judge Parker did not preside over this matter in another court; he previously presided over a case involving the same subject matter in the same court.   As a result, Jud.Cond.R. 7(d) technically does not apply.

{¶ 16} More importantly (and critically), however, the proper proceeding in such

situations is to file an affidavit of disqualification with the clerk of the Supreme Court of Ohio, pursuant to R.C. 2701.03. This was not done.

{¶ 17} The Supreme Court of Ohio has said that "[s]ince only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." (Footnote omitted.) *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978). The court has continued to adhere to this position. *See State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 64, and *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 223.[7] Appellate courts also acknowledge that they lack authority to pass on disqualification. *E.g., State v. Olds*, 2d Dist. Miami No. 2019-CA-9, 2020-Ohio-1528, ¶ 14; *In re K.B.*, 2d Dist. Montgomery No. 27982, 2018-Ohio-3600, ¶ 21; *Marshall v. Marshall*, 10th Dist. Franklin No. 20AP-284, 2021-Ohio-2003, ¶ 5; *Blair v. Adkins*, 12th Dist. Fayette No. CA2020-10-018, 2021-Ohio-2292, ¶ 9; *Interstate Dev. Ltd. Partnership v. Briggs*, 8th Dist. Cuyahoga No. 109578, 2021-Ohio-2259, ¶ 11.

{¶ 18} Even if we could consider the matter, the record shows no evidence of bias. Judge Parker explained at the hearing that he was not biased in favor of or against any party and, in fact, the case had been assigned to him randomly, as is done in the Montgomery County Common Pleas Court. Tr. at p. 3-4. Given the many actions that

---

[7] R.C. 2701.03 was amended in 2014, but the amendments are not relevant. *See* Am.Sub. H.B. 261, 2014 Ohio Laws File 86. The court also has said more recently that, at least in criminal cases, " 'a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law.' " *In re Disqualification of Zmuda*, 149 Ohio St.3d 1241, 2017-Ohio-317, 75 N.E.3d 1255, ¶ 11, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34. (Other citation omitted.) *Accord In re Navarre*, 156 Ohio St.3d 1208, 2019-Ohio-850, 124 N.E.3d 843, ¶ 5 (also a criminal case). Since the case before us is civil, this distinction is irrelevant.

Simpson and HHVC have filed on the same subject, it is inevitable that a judge might handle more than one case. Our own court has now handled seven cases involving this subject matter. Nonetheless, as Judge Parker observed, courts "make decisions for and against parties on a daily basis. It is not for the court to withdraw itself each and every time it rules against a litigant." *Id.* at p. 3.

{¶ 19} Accordingly, the first assignment of error is overruled.


### III. Notice of Other Cases

{¶ 20} HHVC's second assignment of error states that:

The Court Erred in Taking Notice of and Considering as Evidence Matters Concerned in Other Cases Not Before the Court.

{¶ 21} Under this assignment of error, HHVC contends that the trial court was not allowed to take judicial notice of other court proceedings. HHVC relies on Evid.R. 201(A) and (B), as well as prior decisions from this appellate district. HHVC also argues that the facts of the prior proceedings are irrelevant for purposes of this case.

{¶ 22} In a recent appeal involving HHVC and its claims against Grand Voiture and Voiture Nationale, we rejected the same arguments about judicial notice. *Voiture V*, 2d Dist. Montgomery No. 29078, 2021-Ohio-2695, at ¶ 31-33. There is no purpose in repeating the same case law, which indicates that courts may take notice of judicial opinions as well as records that are accessible over the Internet. Furthermore, the documents in the case at hand were properly certified as required by Civ.R. 56(E). Finally, the record does not reveal that the trial judge inappropriately took judicial notice of any facts. Accordingly, the second assignment of error is overruled.

### III. Res Judicata and Collateral Estoppel

**{¶ 23}** HHVC's third assignment of error states that:

The Trial Court Erred in Its Finding of Res Judicata From Prior Litigation as a Bar to the Present Action and in Granting Defendants' Motion for Summary Judgment.

**{¶ 24}** Under this assignment of error, HHVC argues that res judicata is inapplicable for essentially two reasons: (1) the parties here were not parties in Montgomery C.P. No. 2018-CV-1457; and (2) all the alleged actions occurred after the April 29, 2019 judgment in that action.

**{¶ 25}** In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). "Issue preclusion * * * serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. * * * Issue preclusion applies even if the causes of action differ." (Citation omitted). *Id.* at ¶ 7. Collateral estoppel involves points of law or fact that were "actually and directly in issue in the former action * * *." *Scholler v. Scholler*, 10 Ohio St.3d 98, 105, 462 N.E.2d 158 (1984).

**{¶ 26}** Claim preclusion, on the other hand, provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."

*Grava* at syllabus. Thus, " 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or *might have been litigated* in a first lawsuit.' " (Emphasis sic.) *Id.* at 382, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

{¶ 27} "As a general rule, in order for the principle of res judicata to be applicable, the parties to the subsequent action must be identical to those of the former action or be in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Trustees of Danbury Twp.*, 69 Ohio St.2d 241, 244, 431 N.E.2d 672 (1982).

{¶ 28} The Supreme Court of Ohio has said that "privity in the context of res judicata is somewhat amorphous." *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000). "A contractual or beneficiary relationship is not required," and a broader definition is warranted in certain situations. *Id.* " 'As a general matter, privity "is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." ' " *Id.*, quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 184, 637 N.E.2d 917 (1990). (Other citation omitted.)

{¶ 29} " ' "The issue of whether res judicata * * * applies in a particular situation is a question of law that is reviewed under a de novo standard." * * * A de novo standard of review affords no deference to the trial court's decision, and we independently review the record to determine whether res judicata applies.' " *Buckeye Retirement Co., L.L.C. v. Busch*, 2d Dist. Greene No. 2010-CA-51, 2011-Ohio-1125, ¶ 19, quoting *Hempstead v. Cleveland Bd. of Edn.*, 8th Dist. Cuyahoga No. 90955, 2008-Ohio-5350, ¶ 6.

{¶ 30} Having reviewed the trial court's decision, the documents attached to the

summary judgment motion, and the prior appellate decisions that were issued, we agree that res judicata bars this action.

**{¶ 31}** As a preliminary matter, privity can be established where an agency relationship exists between the party sued and a person or entity that has previously been sued. *See Cook v. Criminger*, 9th Dist. Summit No. 22313, 2005-Ohio-1949, ¶ 20 (privity existed between university that had been previously sued and employees, who acted as university's agents, because they shared "such an identification of interest as to represent the same legal right"). Here, Kronen clearly shared an identification of interest with the parties previously sued, as he was a member of the organization that had been involved in Case No. 2018-CV-1457; he also signed a resolution of the legitimate members of Voiture Locale, which restored the organization's original name and removed the invalid name of HHVC. He, therefore, was an agent of a party that had been sued.

**{¶ 32}** Bowman, who had been retained to represent Grand Voiture in Case No. 2018-CV-1457, was clearly acting as its agent in filing paperwork with the OSOS restoring Voiture Locale's name. This was with court approval, per a March 13, 2021 order in that case. Bowman Affidavit at ¶ 6-7.

**{¶ 33}** Furthermore, Simpson himself previously sued Bowman's law firm, Brannon & Associates, in a lawsuit filed in May 2020. *See* Montgomery C.P. No. 2020-CV-2123. In the complaint in that case, the firm was described as a "law firm which represents Nationale and Grande Ohio and acts jointly with them and on their behalf." May 26, 2020 Complaint, ¶ 2. These are allegations that Simpson made. Simpson also clearly is in privity with HHVC, as he has brought numerous actions on its behalf as its attorney; without doubt, he shares an identification of interest with that entity.

{¶ 34} Bowman, a Brannon law firm member, is the attorney of record in the cases that have been filed concerning the Voiture organizations and the property located on Powell Road in Huber Heights. Again, Bowman is clearly an agent of his own client.

{¶ 35} It is apparent that Simpson, acting on HHVC's behalf, has tried to avoid the effect of res judicata and collateral estoppel by changing the names of the plaintiff in the actions he has filed and by changing the name of the individuals or party being sued. This tactic is transparent and improper, and we conclude that, for purposes of res judicata and collateral estoppel, Bowman is in privity with the parties who have been previously sued.

{¶ 36} As just one example, in Montgomery C.P. Case No. 2020-CV-2123 (the case Simpson brought against Bowman's law firm), the complaint alleged that:

Plaintiff is an officer and director of the corporation previously known as Montgomery County Voiture No. 34, La Societe des 40 Hommes et 8 Chevaux , ( hereinafter" Voiture 34") now known as Huber Heights Veterans Club, Inc. Plaintiff also serves the corporation as its legal counsel and represents the corporation in legal transactions and litigation. Said corporation was previously affiliated with the 40 & 8 organization but terminated that affiliation on June 1, 2015. The Defendants, through their agents and representatives, on multiple occasions, have used the personal identifying information of the corporation and have held Grande Ohio out to be the corporation and represent that the name of the corporation is Grande Ohio's name. Such actions constitute identity fraud and are prohibited by ORC 2913.49. Plaintiff is a person injured by defendants' acts

Defendants' fraudulent use of the corporations name extends also to their fraudulent representations, made in four separate legal proceedings, that Plaintiff is not authorized to bring those actions on behalf of Voiture 34. The proceedings concerned are a Chapter 11 bankruptcy proceeding, an eviction action directed at Grande Ohio and two actions against other individuals to recover money and property. Each action was filed by Plaintiff on behalf of Voiture 34 as its attorney. Fraudulent representations that Plaintiff did not have authority to bring the actions, made in each action by Defendants, interfered with and prevented Plaintiff from performing and completing his rights, privileges and duties as an attorney at law.

Complaint at ¶ 3-4.[8]

{¶ 37} In January 2021, Judge Wiseman granted the defendants' motions for judgment on the pleadings in Case No. 2020-CV-2123, and we affirmed the decision on June 25, 2021. *See Voiture III,* 2d Dist. Montgomery No. 29016, 2021-Ohio-2131. No further appeal was filed, and that judgment is final. This is simply one of a plethora of suits filed involving the same subject matter as Case No. 2018-CV-1457.

{¶ 38} As indicated, HHVC argues that res judicata is precluded because the

---

[8] We note that Simpson made virtually identical accusations against Bowman in a complaint for prohibition that was filed with the Supreme Court of Ohio on September 11, 2020. *See* Ohio S.C. No. 2020-1104, Complaint in Prohibition, ¶ 5-6. The prohibition action was filed against Bowman, Judge Parker, and Grand Voiture, and claimed violations of 42 U.S.C. 1983, R.C. 2905.11, R.C. 2905.12, R.C. 2913.49 and R.C. 2921.45. *Id.* at ¶ 13. On December 2, 2020, the Supreme Court of Ohio dismissed the prohibition action. *See State ex rel. Simpson v. Parker*, 160 Ohio St.3d 1484, 2020-Ohio-5454, 158 N.E.3d 614. On December 29, 2020, the court also denied Simpson's motion for reconsideration. *See State ex rel. Simpson v. Parker*, 160 Ohio St.3d 1512, 2020-Ohio-6835, 159 N.E.3d 1172.

challenged actions here occurred after April 29, 2019. We disagree, as the actions all relate to the same subject matter, i.e., the trial court's original decision in Case No. 2018-CV-1457 about the invalidity of HHVC's ownership and control of the organization and the property located at 4214 Powell Road. However, even if we assumed that HHVC is correct, the acts involved in the current lawsuit also occurred before *Voiture III* was filed on May 26, 2020. In that lawsuit, Simpson made the same claims of identify fraud, i.e., that Grand Voiture, Voiture Nationale, and the Brannon firm had improperly misappropriated the organization's name. *Voiture III* at ¶ 12.

{¶ 39} Any claims that Simpson had against the current defendants (who are in privity with the prior defendants), including those brought here, could have been included in Case No. 2020-CV-2123. Furthermore, since HHVC is in privity with Simpson, it is bound as well by his failure to include the current claims in that lawsuit. As indicated, res judicata bars " 'all claims which were or *might have been litigated* in a first lawsuit.' " (Emphasis sic.) *Grava*, 73 Ohio St.3d at 382, 653 N.E.2d 226, quoting *Natl. Amusements, Inc.,* 53 Ohio St.3d at 62, 558 N.E.2d 1178.

{¶ 40} It also is irrelevant that Case No. 2020-CV-2123 was filed before the current action. That case has been litigated to a final judgment because no appeal was taken from our June 25, 2021 judgment in *Voiture III*.[9] And the final judgment is binding on all claims that could have been brought in the action.

{¶ 41} However, even if this were otherwise, it is clear that HHVC's claims have been litigated far beyond exhaustion. This is now the seventh appeal of matters arising

---

[9] The only appeals filed in the Supreme Court of Ohio were from our decision in *Voiture II and Voiture V.* As indicated in fn. 2, the Supreme Court of Ohio dismissed the *Voiture II* appeal in July 2021. And, as noted in fn. 5, the appeal in *Voiture V* is still pending.

from the original litigation in Montgomery C.P. No. 2018-CV-1457. As the trial court in this case noted:

> Plaintiff, Huber Heights Veteran's Club, Inc., is not the lawful owner of the property/premises located at 4214 Powell Rd., Huber Heights, Ohio. This exact issue has been addressed in multiple decisions where multiple courts found that Huber Heights Veteran's Club Inc. has no right to possess or control the property at 4214 Powell Rd., Huber Heights, Ohio.

Order (June 7, 2021) at p. 2, citing Montgomery C.P. No. 2018-CV-1457, *aff'd by Voiture I*, 2d Dist. Montgomery No. 28388, 2020-Ohio-3821, ¶ 5, and *by Voiture II*, 2d Dist. Montgomery No. 28854, 2021-Ohio-1430; Montgomery C.P. No. 2020-CV-2183, *aff'd*, *Voiture V*, 2d Dist. Montgomery No. 29078, 2021-Ohio-2695, ¶ 5; Montgomery C.P. No. 2021-CV-1227, *aff'd*, *Voiture VI*, 2d Dist. Montgomery No. 29078, 2021-Ohio-2695; and *Montgomery County Voiture No. 34 La Societe Des 40 Hommes et & Chevaua [sic] dba Forty & Eight Veterans v. Grande Voiture D' Ohio La Societe Des 40 Hommes et 8 Cehaux [sic] and All Other Occupants*, Montgomery M.C. No. 2019-CVG-882 (August 1, 2019) (forcible entry and detainer action dismissed and not appealed).

**{¶ 42}** It cannot be said plainly enough: there is nothing left to litigate. Accordingly, HHVC's third assignment of error is overruled.

## V. Right to Access to the Courts

**{¶ 43}** HHVC's fourth assignment of error states as follows:

> The Court's Decision Denies to Plaintiff Its Constitutional Right of Access to the Courts, to a Fair and Impartial Adjudication and to Due

Process of Law.

{¶ 44} Under this assignment of error, HHVC makes general observations about the fact that it has a constitutional right to present its case to an impartial judge and to have its day in court. In our most recent decision, we discussed a similar claim by HHVC, stating that:

The right to access to Ohio's court system is provided in Article I, Section 16 of the Ohio Constitution. That section provides, in part, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Although the provision "does not speak to 'due process' at all," the Ohio Supreme Court has treated it as equivalent to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Stolz v. J & B Steel Erectors, Inc.*, 155 Ohio St.3d 567, 2018-Ohio-5088, 122 N.E.3d 1228, ¶ 12.

We find no constitutional deprivation in this case. HHVC filed a complaint in the common pleas court, and Grande Voiture and Voiture Nationale responded by way of a motion for summary judgment. The summary judgment motion was supported by an affidavit and exhibits, to which HHVC had an opportunity to respond. While the trial court's procedure was expedient, HHVC was provided notice of the res judicata claim and had an opportunity to respond to it. The trial court's grant of summary judgment, based on evidentiary materials provided in support of the motion, did not deny HHVC access to the courts.

*Voiture VI*, 2d Dist. Montgomery No. 29095, 2021-Ohio-2784, at ¶ 27-28.

{¶ 45} The same comments apply here. Defendants' motion for summary judgment was supported by an affidavit and exhibits. Notably, HHVC chose to not even file a reply to the summary judgment motion. Nothing prevented HHVC from doing so and from being heard on the merits. Accordingly, the fourth assignment of error is without merit and is overruled.

VI.   Conclusion

{¶ 46} All of HHVC's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Charles J. Simpson
Kevin A. Bowman
Hon. Gerald Parker